IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:10cr27-MHT |
| | ) | (WO) |
| ROBERT A. DAVENPORT | ) | |

OPINION AND ORDER

This court previously set a hearing on the petition of the United States Probation Service to revoke the term of supervision of defendant Robert A. Davenport. *See* Order (doc. no. 78); *see also* Petition to Revoke Supervision (doc. no. 67). That hearing was recently suspended, *see* Text Order (doc. no. 87), pending a decision on how to proceed in light of the fact that Davenport has agreed to waive his right to a revocation hearing in exchange for a particular sentence. *See* Agreement (doc. no. 88) (current, signed agreement); *see also* Agreement (doc. no. 84) (initial draft of agreement). For the reasons that follow, the court

will accept the parties' agreement, grant the revocation petition, revoke Davenport's term of supervision, and sentence him to 12 months incarceration, with no additional term of supervised release.

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release." Under the rule, Davenport is entitled to "(A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation,"

also known as the right to allocution. Fed. R. Crim. P. 32.1(b)(2); *see also* Fed. R. Crim. P. 32.1 advisory committee's note to 2005 amendment (noting the addition of the right to allocution in response to an observation by the Eleventh Circuit in *United States v. Frazier*, 283 F.3d 1242 (11th Cir. 2002)). The rule also makes plain that such revocation hearings can be waived by the defendant: "*Unless waived by the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." Fed. R. Crim. P. 32.1(b)(2) (emphasis added); *see also United States v. Jones*, 798 F. App'x 494, 496-97 (11th Cir. 2020) (explaining that "[t]he Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their right to a hearing" based on the federal rule); Gov't Response (doc. no. 82) (explaining that "the defendant

is entitled to waive revocation and resulting sentencing hearings *in their entirety*" based on the federal rule (emphasis in original)).\*

Given this rule, the court is satisfied that Davenport's waiver is sufficient for this court to proceed without a revocation hearing. In the waiver, he "acknowledges he has had an opportunity to" review both (1) "the notice of the alleged violation of supervised release" and (2) "the evidence against him." Agreement (doc. no. 88) at 2. This corresponds to the his entitlement at a revocation hearing to "(A) written notice of the alleged violation; [and] (B) disclosure

---

\* Allowing a defendant to waive a revocation hearing in its entirety is also consistent with the rule's treatment of preliminary hearings and modifications of supervised release, both of which can also be waived by the defendant. *See* Fed. R. Crim. P. 32.1(b)(1)(A) ("The person may waive the [preliminary] hearing."); *id*. at 32.1(c)(2) ("A hearing is not required if: (A) the person waives the [modification] hearing.").

of the evidence against [him]." Fed. R. Crim. P. 32.1(b)(2). Further, in the waiver, Davenport "acknowledges he is aware of the following rights and is knowingly waiving these rights in exchange for the recommended agreed sentence," namely (1) "[t]he opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing" and (2) "[t]he opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court." Agreement (doc. no. 88) at 3. This corresponds to Davenport's entitlement at a revocation hearing to "(C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; ... and (E) an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P.

32.1(b)(2). While the waiver does not mention the Davenport's entitlement to "(D) notice of [his] right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel," *id.*, there is no need here because he is already represented by counsel.

***

Accordingly, it is ORDERED as follows:

(1) The court accepts the parties' plea agreement, including defendant Robert A. Davenport's waiver of his right to a revocation hearing (doc. no. 88).

(2) The court finds that defendant Davenport violated a mandatory condition of the terms of supervised release that he "must not commit another federal, state or local crime." This is

6

violation number one in the petition to revoke supervised release (doc. no. 67).

(3) The petition to revoke supervised release (doc. no. 67) is granted as to violation number one, and denied in all other respects.

(4) The court finds that this violation is a Grade B violation in the U.S. Sentencing Guidelines.

(5) The court finds that defendant Davenport's criminal history category at the time of sentencing was VI.

(6) The court finds that the guideline range of imprisonment for revocation is 21 to 27 months.

(7) Having considered and consulted Chapter 7 of the Sentencing Guidelines, the 18 U.S.C. § 3553(a) factors, and the parties' sentencing agreement, it is the judgment of the court that defendant Davenport is committed to

the custody of the Federal Bureau of Prisons to be imprisoned for 12 months. This sentence shall run concurrently with any state term of imprisonment resulting from another offense that is relevant conduct to the instant offense. *See* United States Sentencing Guidelines § 1B1.3. Upon release from imprisonment, there will be no term of supervised release.

(8) The court understands that defendant Davenport is already in the custody of the U.S. Marshal Service.

DONE, this the 14th day of April, 2020.

                               /s/ Myron H. Thompson
                               **UNITED STATES DISTRICT JUDGE**